**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Loretta S. Williams : | CHAPTER 13 |
| xxx-xx-3797 : | |
| 501 North Bethlehem Pike : | |
| Unit 8A : | CASE NO. 09-16084SR |
| Ambler, PA 19002 : | |
| : | |
| Debtor : | |
| : | |
| Loretta S. Williams : | ADVERSE NO. 09- |
| : | |
| v. : | |
| : | |
| GHS Solutions, LLC : | |
| d/b/a GHS Debt Solutions : | |
| 4733 W. Atlantic Avenue : | |
| Suite C7 : | |
| Delray Beach, FL 33445 : | |
| : | |

**COMPLAINT**

**I. INTRODUCTION**

1. The instant complaint is filed by the Debtor, Loretta S. Williams. This action seeks damages and other relief for Defendant's failure to comply with the mandatory Debt Relief Agency provisions of the United States Bankruptcy Code.

**II. JURISDICTION**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157. However, in the unlikely event that any aspect of this case is determined to be a non-core proceeding, than and in that event, Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

**III. PARTIES**

3.   The Plaintiff is Loretta S. Williams, a natural person residing at 501 North Bethlehem Pike, Unit 8A, Ambler, PA 19002. The Plaintiff is the Debtor in the Chapter 13 case.

4.   The Defendant is GHS Solutions, Inc., d/b/a GHS Debt solutions, a Limited Liability Company organized and operating under the laws of the State of Florida, and having its offices for the conduct of business at 4733 W. Atlantic Avenue, Suites C3-C5 and C7, Delray Beach, FL 33445.

5.   The Trustee is Frederick L. Riegle, Esquire, Standing Chapter 13 Trustee for the United States Bankruptcy Court for the Eastern District of Pennsylvania, and Trustee in the Plaintiff Debtor's Chapter 13 case, per appointment of the Court on August 18, 2009.

**IV. ALLEGATIONS OF FACT**

6.   The Plaintiff filed her Petition under Chapter 13 of the Bankruptcy Code on August 14, 2009.

8.   Prior to that time, the Defendant did solicit the Plaintiff at her home.

9.   Defendant is a "Debt Relief Agency", as that term is defined under the Bankruptcy Code, in that the Defendant did provide bankruptcy advice to Plaintiff, an "assisted person" as defined under the Bankruptcy Code.

9.   Defendant's solicitation provided information to Plaintiff about two types of Bankruptcy available to individuals, (and

ignoring Chapters 11 and 12), and referred to its services as the "...honest and effective alternative" to bankruptcy. It also referred to its services as the "honest and honorable" alternative to bankruptcy. A copy of the web page of the Defendant so stating is attached hereto, incorporated herein, and marked as Exhibit "A".

10. Shortly thereafter Plaintiff contacted the Defendant to further inquire into Defendant's debt adjustment program. During the course of this contact Defendant failed to provide Plaintiff with any of the mandatory notices provided for in the Debt Relief Agency sections of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amendments to the Bankruptcy Code.

11. Subsequent to the initial contacts Plaintiffs received a follow-up package of documents from Defendant, including a contract pursuant to which Plaintiffs might enroll in Defendant's debt adjustment program and an authorization to allow the Defendant to withdraw funds by direct deposit from her account. This package of documents also did not contain any of the mandatory notices provided for in the Debt Relief Agency sections of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amendments to the Bankruptcy Code.

12. The Defendant did withdraw funds from Plaintiff's account each month from November 2008 to June 2009, first in the amount of $1518.94 per month from November to January, and in the amount of $1162.00 thereafter, for a total of $10,336.82.

13.   Defendant's fee was to be paid in monthly installments from the money so deposited.

14.   At the time Plaintiff enrolled in Defendant's debt settlement program, Plaintiff believed the statements and representations in Defendant's materials to the effect that Defendant's debt adjustment program would achieve the promised substantial savings as an alternative to bankruptcy.

15.   At the time Plaintiff enrolled in Defendant's debt settlement program, Plaintiff believed Defendant's representations that it would negotiate reduced, lump-sum payments with her creditors, funded by monies paid over to the Defendant.

16.   During the course of her involvement with the Defendant, Plaintiff was still contacted by various creditors. Defendant, through its' officers, directors, employees, and/or agents did instruct the Plaintiff to ignore the telephone calls of creditors.

17.   During the course of her dealings with the Defendant, the Plaintiff was never told that she could be sued by her creditors for lack of payment.

18.   During the course of her dealings with the Defendant, the Defendant, through its' officers, directors, employees, and/or agents did promise to the Plaintiff to send "cease and desist" letters to her creditors, to have them stop calling or taking action against her. These letters were, apparently, never

sent.

19. In both it's initial blandishments to Plaintiff, and during the course of Plaintiff's dealings with it, the Defendant, through its owners, officers, directors, employees, and/or agents, did represent that it would negotiate with her creditors and that said creditors would negotiate with the Defendant and otherwise cooperate with the Defendant. In reality, the Defendant never negotiated with any of the Plaintiff's creditors, nor even apparently contacted them on her behalf. Instead, the Defendant did continue to rake in payments from the Plaintiff, for its own benefit.

20  Despite the promises of the Defendant, the Plaintiff continued to be harassed by creditors, and finally sued by one of them.

21. Plaintiff was eventually left with no choice but to file a bankruptcy under Chapter 13 of the code, since Defendant's so-called debt adjustment program did not result in the promised debt reductions, but instead resulted only in increased amounts owed to creditors, further disparaging remarks on Plaintiff's credit report, harassment by creditors of the Plaintiff, and litigation being commenced against the Plaintiff by a creditor, among other things.

22. Plaintiff is an individual whose debts are primarily consumer debts, with non-exempt property valued at less than $164,250 and is therefore an "assisted person" as that term

is defined under 11 U.S.C. section 101(3).

23. Defendant's written communications, website information, literature, directions and debt adjustment program constitute goods or services sold or otherwise provided to Plaintiffs with the actual or implied purpose of providing information, advice or counsel with respect to a case or proceeding under title 11 of the United States Code and therefore constituted "bankruptcy advice" as that term is defined in 11 U.S.C. section 101(4A).

24. Defendant is a "debt relief agency", as defined in 11 U.S.C. 101(12)(A), in that the Defendant did provide "bankruptcy assistance", as that term is defined in 11 U.S.C. §101(4)(A), to the Plaintiff, an "assisted person", a defined under 11 U.S.C.§101(3), for money or other valuable consideration.

## COUNT I - FAILURE TO COMPLY WITH DEBT RELIEF PROVISIONS OF U.S. BANKRUPTCY CODE

25. The allegations of paragraphs 1 through 24 inclusive are incorporated herein as if set forth at length.

26. Defendant directly, indirectly, affirmatively and/or by material omission did misrepresent to Plaintiff the services Defendant would provide to Plaintiff, in violation of 11 U.S.C. §526(a)(3)(A).

27. Defendant directly, indirectly, affirmatively and/or by material omission misrepresented to Plaintiff the benefits and risks that may result if Plaintiff, became a debtor in a case under title 11 of the United States Code, in violation of 11

U.S.C. section 526(a)(3)(A).

28. Defendant intentionally or negligently disregarded the material requirements of title 11 of the United States Code as applies to Defendant as a Debt Relief Agency in violation of 11 U.S.C. section 526(a)(2)(C).

29. Defendant failed to provide to Plaintiff the written notice required under 11 U.S.C. §342(b)(1), in violation of 11 U.S.C. §521(a)(1).

30. Defendant failed to provide Plaintiff, within three (3) business days after the first date Defendant first offered to provide assistance services to Plaintiffs, the further clear and conspicuous written notices required by 11 U.S.C. §527(a)(2)(A) through (D).

31. Defendant failed to provide Plaintiffs the clear and conspicuous separate written notice required by 11 U.S.C. §527(b).

32. Defendant failed to provide Plaintiffs the clear and conspicuous separate written notice required by 11 U.S.C. §527(c).

**COUNT II - UNAUTHORIZED PRACTICE OF LAW**

33. The allegations of paragraphs 1 through 32 inclusive are incorporated herein as if set forth at length.

34. A check of the records of the Florida Department of State, Division of Corporations shows that the defendant GHS Solutions, LLC is a limited liability corporation chartered

under the laws of the State of Florida.

35. Said record also shows that the principals are one "J. Scott Gunn, Esq." and "Anthony K. Shea", and gives the addresses for both. A copy of said record is attached hereto, incorporated herein, and marked as Exhibit "B".

36. A check of the records of the Supreme Court of the Commonwealth of Pennsylvania, conducted on August 26, 2009, showed that neither of these principals are licensed to practice law within the Commonwealth of Pennsylvania.

37. 42 Pa.C.S.A. §2524 states, in relevant part:

> (a) General rule.--Except as provided in subsection (b), any person, including, but not limited to, a paralegal or legal assistant, who within this Commonwealth shall practice law... without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 (relating to professional corporations), commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

38. The actions of the Defendant constitute the practice of law in this Commonwealth.

39. Defendant's statements and actions created or reinforced the impression that Defendant was acting in Plaintiff's best interests, and knew what it was talking about.

40. Defendant derived a financial benefit from engaging in the unauthorized practice of law.

41. Defendant caused injury to Plaintiff by engaging in the unauthorized practice of law.

WHEREFORE, Plaintiff prays that this Honorable Court enter

judgment in favor of Plaintiff and against Defendant as follows:

 A. Declaring and adjudging that the contract for services between the Plaintiff and Defendant is void pursuant 11 U.S.C. §526(a)(1), for failure to comply with the material requirements of §§526, 527, and/or 528 of the United States Bankruptcy Code and that no provision of such contract may be enforced by the Defendant against the Plaintiff.

 B. Finding Defendant liable to Plaintiffs, pursuant to 11 U.S.C. §526(c)(2), in the amount of $10,366.82 as the amount received by Defendant from Plaintiff in connection with providing bankruptcy assistance.

 C. Awarding Plaintiffs any additional actual damages as permitted by 11 U.S.C. section 526(c)(2).

 D. Requiring Defendant to pay Plaintiff's counsel fees and legal expenses as required by 11 U.S.C. §526(c)(2).

 E. Declaring and adjudging that Defendant intentionally violated the provisions of 11 U.S.C. §526 and enter an order enjoining Defendant's further violation of such section as permitted by §526(c)(5)(A).

 F. Declaring and adjudging that Defendant has engaged in a clear and consistent pattern or practice of violating 11 U.S.C. §526 and imposing an appropriate civil penalty against Defendant as permitted by section 11 U.S.C. §526(c)(5)(B).

 G. Awarding Plaintiff's costs of suit.

 H. Awarding interest to Plaintiff.

I. Awarding such other and further relief as to the Court may determine to be just and proper.

Respectfully submitted,

/s/Michael W. Gallagher
Michael W. Gallagher, Esquire
628 Germantown Pike
Lafayette Hill, PA 19444
(610)940-4730
(610)940-6025 Fax
Attorney for Debtor/Plaintiff